# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH E. VANDERVER** ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Civil Action Number |
| **UNITED STATES OF** ) | 2:08-cv-1924-AKK |
| **AMERICA,** ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Kenneth E. Vanderver ("Vanderver") contends that United States Postal Service rural carrier, Glenda H. Sullins ("Sullins"), an employee of Defendant, negligently drove her vehicle into his on May 24, 2007, in Blount County, Alabama, while acting within the scope of her employment. Doc. 1 at ¶¶ 3-6. Accordingly, Vanderver filed this claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-80, seeking damages for medical expenses, pain and mental anguish, and permanent injuries he sustained from the collision. Doc. 1; Tr. 53.[1] This court therefore has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671. Moreover, the parties do not contest personal jurisdiction or venue. *See*

---

[1] Citations to the trial transcript are noted by the "Tr." prefix. "Doc." is the document number of the case docket.

Doc. 26; Tr. 119-120.

## I. LEGAL STANDARD

The FTCA constitutes "a general waiver of sovereign immunity" for the United States, and with certain "exceptions," renders the federal government liable in tort actions "under circumstances where the United States, if a private person, would be liable to the claimant . . . ." *Nguyen v. United States*, 556 F.3d 1244, 1250 (11th Cir. 2009); *see* 28 U.S.C. § 1346(b)(1). An analysis of any claim under the FTCA is conducted under the substantive law of the state where the accident occurred. *Gonzalez-Jiminez De Ruiz v. United States*, 378 F.3d 1229, 1230 n.1 (11th Cir. 2004). In other words, the court must decide this case applying Alabama law.

Under Alabama law, "[t]o establish negligence, a plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Jones Food Co., Inc. v. Shipman*, 981 So. 2d 355, 361 (Ala. 2006) (quoting *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994)). "Proof of negligence may be established completely through circumstantial evidence, and if there is evidence that points to any plausible theory of causation, there is a basis for recovery." *Elba Wood Prod., Inc. v. Brackin*, 356 So. 2d 119, 123 (Ala. 1978) (citations omitted).

However, even if a defendant is negligent, contributory negligence bars a plaintiff from recovery because it is a complete affirmative defense to a negligence claim. *Mitchell v. Torrence Cablevision USA, Inc.*, 806 So. 2d 1254, 1257 (Ala. Civ. App. 2000) (quoting *Ridgeway v. CSX Transp., Inc.*, 723 So. 2d 600, 606 (Ala. 1998)). Indeed, "[i]t is well established under Alabama law that 'a plaintiff cannot recover in a negligence suit when the plaintiff's own negligence is shown to have proximately contributed to the damage, notwithstanding a showing of negligence on the part of the defendant.'" *Salter v. United States*, 880 F. Supp. 1524, 1533 (M.D. Ala. 1995) (citations omitted). In short, when a plaintiff's conduct is contributorily negligent, he or she cannot recover. *See H.R.H. Metals, Inc. v. Miller ex rel. Miller*, 833 So. 2d 18, 27-28 (Ala. 2002).

## II.    BRIEF FACTUAL BACKGROUND AND CONTENTIONS[2]

Sometime on May 24, 2007, Vanderver and his late wife[3] left their home to visit their local post office. They drove north on Riverbend Drive, a two lane road – one northbound and the other southbound – in Blount County, Alabama. Shortly thereafter, they arrived at the intersection of Riverbend Drive and Alabama Highway 160 ("Highway 160"), also a two lane road – one eastbound and the other

---

[2] The factual recitation here contains simply the undisputed facts the parties concede and a brief summary of their respective contentions.
[3] Vanderver's wife died for reasons unrelated to this matter. She is not a party to this lawsuit.

westbound – where Vanderver intended to turn left, i.e., west onto Highway 160. Tr. 55.  At approximately the same moment, Sullins was traveling east on Highway 160 and, ironically, delivering mail.  Tr. 54, 121.  Therefore, Sullins, who is a rural postal carrier, was in the line and scope of her employment.  Tr. 120-21.

Vanderver and Sullins disagree on who bears responsibility for the accident. Vanderver contends that Sullins veered off Highway 160 and into his car on Riverbend Drive.  Tr. 58-59.  To support his position, Vanderver relies on the testimony of his neighbor, Vaughn McClain ("McClain"), who was traveling behind him and witnessed the accident.  According to McClain, Vanderver came to a full stop at the stop sign on Riverbend Drive, then moved forward to obtain a better view of Highway 160, but never entered Highway 160 prior to the collision. Tr. 23-25.  McClain contends that he observed Sullins brake suddenly before the impact and opined, as a lay person, that Sullins' brakes "locked" and pulled her vehicle to her right and into Vanderver's vehicle.  Tr. 24, 28.

Sullins disagrees and places full blame on Vanderver.  She contends that she was traveling on Highway 160, below the speed limit at approximately 50 miles per hour, to a stop on her mail delivery route when the collision occurred.  Tr.121-22.  As she neared Riverbend Drive, she saw Vanderver's vehicle rolling beyond the stop sign and onto Highway 160, attempting to make a left turn onto the

highway. *Id.* at 121-22, 126-27. She attempted, albeit unsuccessfully, to avoid the collision by steering right and toward the rear of Vanderver's vehicle. *Id.* at 122. Moreover, she contends that a portion of Vanderver's automobile protruded into the intersection at the moment of impact. *Id.* at 127, 132.

Defendant relied on the testimony of Corporal Michael S. Elkins ("Corporal Elkins"),[4] the state trooper who investigated the accident, and Ronald E. Kirk ("Kirk"),[5] an expert, to support Sullins' contention that Vanderver caused the

---

[4] Corporal Elkins testified at trial, without objection, as an expert in police matters and accident reconstruction. Tr. 93.

[5] Kirk testified for Defendant as an expert in the field of motor vehicle collision reconstruction. He has provided expert reports and testimony in federal court over a dozen times and has investigated approximately 5,000 motor vehicle accidents. Tr. 142. Kirk provided his Rule 26 expert report which contained his background, qualifications, his opinions in this case, and identified the data he relied on to form his opinions ("photographs taken at the collision scene with the vehicles still in place . . . photographs taken at a later date without the vehicles at the scene . . . photographs taken of the plaintiff's vehicle away from the accident scene . . . deposition transcripts of both drivers and the witness . . . " and his own on-site examination of the scene where he took measurements and photographs). *Id.* at 146-47; Defendant's Exhibit 9. Vanderver received Kirk's report well before the trial date and never filed any objections to it or requested any additional information in writing. Tr. 145. However, he apparently requested some data orally and was told "there was not any data." *Id.* Consequently, shortly after Kirk began testifying, Vanderver moved to strike his "testimony entirely" because "we've not been produced any data in this case, they failed to comply with Rule 26." *Id.* at 144. Specifically, Vanderver challenged the absence of the measurements or calculations Kirk took when he visited the accident site. *Id.* However, Kirk's report mentioned the measurements and the other items he relied on to reach his conclusions. *Id.* at 146-47. In any event, the failure to include the actual measurements in the report is not a sufficient basis to strike Kirk's entire testimony especially since any prejudice it caused was minimal at best. Indeed, Vanderver could have addressed this issue by deposition or through a written discovery request. Moreover, the failure to include the measurements is an issue more so for cross examination to challenge credibility and the findings, rather than a basis to exclude Kirk's testimony. Accordingly, the court denied the motion to strike and admitted Kirk's testimony as an expert in accident reconstruction. Tr. 147-48.

accident. Corporal Elkins testified that Sullins traveled within the posted speed limit of 55 miles per hour, and that based on the physical evidence he examined at the scene, concluded that Vanderver encroached the point beyond the stop sign and/or stop line on Riverbend Drive and that a portion of Vanderver's vehicle entered Highway 160 prior to the collision. Tr. 95-103, 118. He testified that Vanderver failed to yield the right of way to Sullins. Tr. 94-96.

Kirk testified to a reasonable scientific and engineering certainty that the physical evidence of the collision (i.e., the tire marks, vehicle rest positions, and vehicle damage)[6] proves that Vanderver's automobile was not stopped at the stop line at Riverbend Drive at the moment of impact, but rather "was moving or entering into the intersection" and that "at least most of the car" was "beyond the [white] stop line." Tr.149, 152, 156. His report states that the impact would have displaced Vanderver's vehicle "east and south of the point of impact and not toward Highway 160" if, in fact, Vanderver was still on Riverbend Drive as he

---

[6] Again, Kirk testified that he reviewed the traffic accident report of Corporal Elkins, the photographs of the accident scene taken immediately after the collision and prior to the vehicles being towed from the scene (Defendant's Exhibits 3-8), photos of the collision site that were taken some time after the collision (Plaintiff's Exhibits 1, 2, 6-10, 15-21), the deposition testimony of Vanderver, Sullins, and McClain, and the specifications of the vehicles involved in the collision. Tr. 146. He also visited the collision site on November 2, 2009, to take measurements and photographs. *See* Defendant's Exhibits 10-55. Based upon his own examination of the scene and the review of the photographs taken on the date of the accident, he testified that the stop line on Riverbend Drive was repainted and moved further back from Highway 160 as part of a repaving project that occurred sometime after the accident. Tr. 150-155; *see also* Defendant's Exhibits 3-8.

contends.  *See* Defendant's Exhibit 9**.**

Needless to say, the parties present diametric accounts at trial about the cause of the accident.  The court must venture into this morass to reach a decision.

## III.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having heard and fully weighed and considered the evidence and arguments of counsel, the court finds and decides as follows:

A.  Findings of Fact

1.  The accident occurred on May 24, 2007, in Blount County, Alabama, where Riverbend Drive is perpendicular to Highway 160.

2.  There is a stop sign located in the northbound lane of Riverbend Drive Vanderver traveled on and Vanderver had a duty to stop and yield the right of way to oncoming traffic on Highway 160.  Tr. 55-56, 94.

3.  The collision occurred when Vanderver attempted to navigate his automobile left onto the westbound lane of Highway 160, and was struck by Sullins who was traveling east and within the posted speed limit.  Tr. 54-55, 121-22, 126-28.

4.  Despite veering right in an attempt to avoid the accident, Sullins collided with Vanderver.  Specifically, the left-front bumper of her vehicle impacted the rear of Vanderver's left front tire and on the driver-side door, injuring Sullins and

Vanderver.[7]  Tr. 59-66, 122, 126; Defendant's Exhibits 3-8.

5.  The impact point occurred on Highway 160, rather than on Riverbend Drive as Vanderver contends:  "part of the white vehicle, vehicle 1 [Vanderver's], would have been in the roadway of 160 at point of impact."  Tr. 118.

6. Based on the physical evidence (e.g., tire marks on the road, resting position of the vehicles, etc.) Corporal Elkins examined on the scene, the court agrees with Corporal Elkins that Vanderver failed to yield the right of way to Sullins, as required, encroached the point beyond the stop sign and/or stop line on Riverbend Drive, and that a portion of his vehicle was on Highway 160 at the moment of impact.  Tr. 94-96, 118; *see also* Defendant's Exhibits 3-8.

7. Although Vanderver contends that he never entered Highway 160 prior to the impact, he admits that he pulled his car forward across the white stop sign line

---

[7] To support his claim for injuries, Vanderver relied on the deposition testimonies of Donald A. Reiff, M.D., and Steven Theiss, M.D.  Vanderver asserts that the opinions of these two treating physicians sufficiently prove that the injuries he sustained required the medical treatment he subsequently received and that the costs associated with his treatment were necessary and reasonable.  Defendant objects and contends that Vanderver failed to sufficiently certify and/or authenticate the costs of medical treatment he received.  Tr. 80.  Specifically, Defendant contends that, (1) Vanderver has not shown that he paid for all the medical bills, nor presented any expert testimony that the medical services and billings were all reasonable and necessary, (2) Vanderver never filed an expert report, (3) Vanderver's medical providers were paid some portion of their submitted charges by Vanderver's health insurance provider, and that Vanderver's medical bills should, at most, be limited to his insurer's subrogation interest and any out of pocket expenses, and (4) any Medicare and Medicaid liens and/or benefits should also be taken into account.  Tr. 78, 80.  Since the court finds against Vanderver on the liability issue, this issue is moot.

on Riverbend Drive prior to the collision,[8] Tr. 57-58, which contradicted his deposition testimony that the front wheel of his car was on the white stop line, Tr. 77-78.

8. Likewise, McClain testified that Vanderver's "car was already in front of that white [stop] line inching towards Highway 160," Tr. 45, also contradicting his earlier testimony that Vanderver's car "was stopped at the white [stop] line or possibly the front bumper extended just slightly over the line," Tr. 46.

9. Indeed, the photos of the accident scene also reveal with certainty that Vanderver's vehicle was across the white stop line, Tr. 45, 95, 110-111; s*ee also* Defendant's Exhibits 5 and 8, and, in fact, had entered Highway 160 at the time of the accident, Tr. 117-18.

B. Conclusions of Law

Based on the evidence and the law, the court holds that it is self-evident that an operator of a motor vehicle is in imminent danger, especially at major

---

[8] Vanderver contends that he had to pull his car forward to see Highway 160 traffic because a cedar tree and shrubbery precluded him from seeing the traffic from the stop sign. Tr. 56. However, the photograph exhibit he presented to support this contention, PX 26, does not support this fact: "But, I mean, you can see the road, and you can actually see it in this picture right here, the incoming traffic right there. You can see it on that crest. So I think, I mean, as far as my perspective, I've stopped there before coming out of that neighborhood, and I've stopped at the stop line and been able to see the traffic coming. . . . I think that based on that picture right there, if that's what you're talking about, I think you can see the roadway there." *Id.* at 101-102. In any event, that Vanderver may have inched slightly forward as he contends is not the basis for this court's finding that he was negligent; rather, the court's finding is based on the fact that his vehicle had actually entered Highway 160 at the time of impact.

9

intersections of frequently traveled highways. Here, Vanderver testified that he lived nearby for "15 years. A little longer" and was familiar with this intersection. Tr. 55-56. Moreover, since Highway 160 is the "only road in and only road out" to and from his house, Tr. 73, and thus he used it frequently, he knew also its speed limit of 55 miles per hour far exceeded that of vehicles merging onto it from Riverbend Drive. Indeed, Vanderver only drove at a speed of 0 - 5 miles per hour at the time of the impact. *Id*. at 95. Needless to say, Vanderver knew that the moment he crossed the white stop line on Riverbend Drive he could encounter oncoming traffic traveling at highway speeds and, consequently, that he needed to proceed with extreme caution before attempting to merge onto Highway 160.

The court finds that Vanderver was either inattentive and did not see Sullins' vehicle, although he had ample ability to do so, or, alternatively, judged incorrectly that he could make the turn onto Highway 160 and clear Sullins' lane in time to avoid the collision. Either way, unfortunately for Vanderver, fault lies with him. The courts finds that there is no evidence that Sullins violated any law or breached any duty of reasonable care to Vanderver. In fact, she made reasonable efforts to avoid the collision.

Moreover, the court finds that the evidence is persuasive that Vanderver breached the zone of egress into the westbound lane of Highway 160 by failing to

yield the right of way to Sullins and that this failure caused the accident. This finding is supported by the weight of the evidence, including the testimony of Vanderver's witness McClain, who testified that the accident photos accurately depicted the final resting positions of the automobiles. Tr. 44; *see also* Defendant's Exhibits 3-8. McClain's testimony is significant because the photos undermine his and Vanderver's contentions that Vanderver never entered Highway 160 prior to the collision.

As to Vanderver and McClain's theory that Sullins' vehicle was "pulled" into Vanderver's vehicle due to sudden braking, the court further finds that it is not credible and is belied by the evidence at the scene – i.e., tire skid marks and final resting points of the vehicles. Indeed, as Corporal Elkins testified, a portion of Vanderver's vehicle was, in fact, on Highway 160 at the point of impact. Tr. 117-118. This fact alone is dispositive on the liability issue. However, the court notes also that, significantly, Corporal Elkins' testimony was supported by expert witness Kirk, who stated in his report that if the accident occurred as Vanderver and McClain contended, i.e., that Sullins' car "pulled" away from Highway 160 and onto Riverbend Road, the impact would have "displaced" Vanderver's automobile "east and south of the point of impact and not toward Highway 160," as was the case here. *See* Defendant's Exhibit 9. Furthermore, Kirk testified to a reasonable

11

scientific and engineering certainty that the physical evidence of the collision (i.e., the tire marks, vehicles' rest positions and damage) proves that Vanderver "was moving or entering into the intersection" on Highway 160 at the moment of impact. Tr. 149, 152.

Based on Corporal Elkins' and Kirk's testimony and their demeanor, and that of the other witnesses, the court finds Corporal Elkins and Kirk more credible than Vanderver and McClain. Moreover, the court finds further that the proof presented regarding the location of the vehicles after the impact satisfies the court that Vanderver made an improper entry into the intersection by failing to yield the right of way to Sullins and other traffic on Highway 160. Tr. 118, 149, 152; s*ee also* Defendant's Exhibits 3-8. Furthermore, the court finds that the recollection and reconstruction of the events as provided by Sullins, and corroborated by Corporal Elkins and Kirk, is more credible in showing that Vanderver's failure to yield to Sullins caused the accident and the resulting injuries, or contributed to it. Tr. 117-118, 126-127,149; s*ee also* Defendant's Exhibits 3-8.

## IV. CONCLUSION

Based on these findings, the court, sitting as the trier of fact and law, concludes by a preponderance of the evidence that Sullins was not negligent and that Vanderver was negligent, proximately causing the injuries he sustained in the

May 24, 2007, accident. Alternatively, the court finds that Vanderver was contributorily negligent and thus barred from recovery under Alabama law. Accordingly, the court finds in favor of the United States and against Vanderver.

Done and ordered the 30th day of March, 2011.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE